OTIS BEALS *vs.* LEVI CLARK & another.

A mortgage of a homestead exempted from levy on execution by *St.* 1855, *c.* 238, except
for debts contracted before the passage of that act, if made with intent to give a prefer-
ence contrary to the insolvent laws, is void as against the mortgagor's assignee in in-
solvency.

The intent to prefer a creditor in violation of the insolvent laws may be inferred from the
fact of preference.

WRIT OF ENTRY to foreclose a mortgage made by Levi Clark
in October 1856, and in which his wife joined, of his home-
stead in Plainfield.    The defendants were Clark, and his as
signee in insolvency, who claimed title as such under proceed-
ings commenced on the 16th of December 1856.

At the trial in the court of common pleas in Hampshire,
before *Morris,* J., these facts were admitted : The value of the

premises, when the mortgage was given, and at the time of the proceedings in insolvency, was $500.    Debts to the amount of more than $700, contracted before the homestead act of 1855 took effect, were proved against the estate of Clark ; but the plaintiff's mortgage note was not so proved.

The plaintiff asked the court to rule " that the demanded premises did not pass by the assignment; and that the mortgage was not a conveyance of such property as would constitute a preference void by the insolvent laws."    But the court declined so to rule ; and ruled " that said premises passed by the assignment; and that if the jury were satisfied, by the other evidence in the case, that said mortgage was made to secure a preëxisting debt from Clark to the plaintiff, and with intent to prefer the plaintiff as such creditor, Clark being at the time insolvent, and having reasonable cause to believe himself insolvent, and the plaintiff also having reasonable cause to believe it, the mortgage would be void as against the assignee, and the defendants entitled to a verdict; and that it was competent for the jury to infer the intent to prefer, from the fact of preference."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions, which were argued and decided at Northampton at September term 1858.

*W. Allen, Jr.* for the plaintiff.    The property mortgaged was not property which could be distributed under the insolvent laws ; and therefore the conveyance of it was not a preference, and it did not pass by the assignment in insolvency.    Property " by law exempted from attachment ". does not pass by an assignment under *St.* 1838, *c.* 163, § 5.    See Rev. Sts. *c.* 90, §§ 23, 24 ; *St.* 1857, *c.* 298, §§ 16, 17.    The provision in § 3 of *St.* 1855, *c.* 238, that " no property by virtue of this act shall be exempted from levy for any debt contracted previous to the passage of this act," does not affect this exception.    The words " exempted from attachment " in the insolvent acts and in the assignment, are words of description, describing property exempt from attachment by general creditors.    Those creditors can have distribution of that property only, which is liable for the general debts.    If the property is subject to distribution in insolvency

it must be distributed among the general creditors; assets cannot be marshalled between old and new creditors. *St.* 1838, *c.* 163, §§ 12, 13, 21. If the provision takes away the exemption, it must do so as to the whole homestead, and cannot be restricted to the amount of the debts for which it is so liable. See *St.* 1857, *c.* 298, § 17.

The instruction that the intent to prefer might be inferred from the fact of preference was wrong; because it does not appear that the fact of preference was known to the plaintiff. The conveyance was apparently no preference, and there is no presumption, from the fact that plaintiff accepted it, that he knew it to be a preference.

*C. Delano*, for the defendants.

METCALF, J. Clark's homestead rights were acquired under *St.* 1855, *c.* 238, and not under *St.* 1851, *c.* 340, because, under the last named statute, no one could acquire those rights, unless it was set forth in the deed conveying the property to him, or in a notice in the registry of deeds, that the property was designed to be held as a homestead. By the first named statute (§ 3) no homestead property is exempted from sale or levy on execution for any debt contracted by the owner before the statute was passed. In this case, the homestead property was of the value of five hundred dollars; and Clark, when he petitioned for the benefit of the insolvent laws, owed debts to the amount of seven hundred dollars, which were contracted before the passage of that statute. For those debts, therefore, the creditors might have levied executions on that property. It follows, that the property was not " by law exempted from attachment," by the first and fifth sections of the insolvent act of 1838, *c.* 163. *Woods* v. *Sanford*, 9 Gray.

There can be no doubt that Clark, by the mortgage to the plaintiff, executed as it was by his wife, released and conveyed all the homestead rights conferred on him and his family by statute. And the plaintiff would hold the property, disincumbered of those rights, if Clark's creditors would not be thereby defrauded. But the jury have found that the mortgage was made in fraud of the insolvent laws; that is, " with a view to

give a preference" to the· plaintiff over other creditors. As to those creditors it was therefore void, and was rightly assigned, by the judge of insolvency, to Clark's assignee.

The jury were rightly instructed that it was competent for them to infer, from the fact that Clark did give a preference to the plaintiff, that he intended to give it. *Denny* v. *Dana*, 2 Cush. 172.

Whether the mortgage is void as to creditors whose claims arose after the passage of *St.* 1855, *c.* 238, or only as to prior creditors, and how the mortgaged property, or the avails thereof, shall be distributed among the different creditors, are questions which, though discussed in argument, we cannot definitively settle in this action, and upon which we therefore intimate no opinion. That property is now rightly in the assignee's hands, and is to be appropriated, like all other assigned property of an insolvent debtor, according to the law which shall· be found applicable to it. When either of the foregoing questions shall come before us, in a form proper for ultimate decision, they will be considered and determined. *Exceptions overruled.*